UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN OMAR HARPER,

        Plaintiff,

  v.                                                                                        Case No. 18-C-753

MICHAEL GIESE, *et al.*,

        Defendants.

## SCREENING ORDER

The plaintiff, who is currently serving a state prison sentence at Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was confined at the Waukesha County Jail. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The plaintiff is required to pay the $400.00 filing fee for this action, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. In that case, the prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 statutory filing fee but not the $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required

under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $8.00. The plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

### ALLEGATIONS OF THE COMPLAINT

Plaintiff's claims arise out of an incident that he alleges occurred at the Waukesha County Jail on the evening of March 6, 2018. According to Plaintiff, Defendant Correctional Officer

Bischoff came to his cell and told him to "kneel like a bitch" if Plaintiff wanted to eat dinner. Plaintiff refused, became upset, and needed to use his asthma inhaler. He alleges that he was handcuffed to his cell door while a nurse was summoned to bring the inhaler. In addition to Bischoff, Plaintiff alleges that Defendants Lt. Eric Stefonek and Correctional Officers Domurat, Miller, Holzhueter, and Cattani were present outside of his cell. When Plaintiff attempted to alert Stefonek to Bischoff's alleged actions, Bischoff allegedly grabbed his arm and attempted to physically force him into his cell, and Miller, Holzhueter, and Cattani allegedly attempted to pull his arm though the tray slot in his cell door and close the door on his body. Bischoff and Domurat then allegedly began kicking and kneeing Plaintiff, who asserts that he never tried to resist. While he was being forced into his cell, Plaintiff alleges that Stefonek was smiling like the incident was funny. Once he was in his cell, Plaintiff alleges that his wrists and hands were bleeding, that the kicks injured his leg and forced him to limp, and that his requests for medical attention were denied.

Following the March 6 incident, Plaintiff alleges that he asked Defendants Correctional Officers Bubholtz and Diaz to allow him to use a wheelchair and shower chair to shower on March 10, but Bubholtz told him to shut up. Subsequently, while locked in the shower area, Plaintiff alleges that he slipped and fell on several discarded soap bars, leaving him in pain on the ground yelling for help and unable to move. He alleges that Bubholtz and Defendant Nurse Links came to the shower stall but refused to treat him and walked away. Later, Bubholtz, Defendant Lt. Compton, and unnamed, non-defendant members of the security staff allegedly lifted him off the ground and placed him in a wheelchair to return to his cell, but only after leaving him on the ground for more than an hour. Plaintiff alleges that he was never offered medical attention, despite asking for it several times.

3

Plaintiff seeks damages from Bischoff, Domurat, Miller, Holzhueter, and Cattani for using excessive force; from Stefonek for authorizing the use of force against him; from Bubholtz and Diaz for refusing to accommodate his need for a wheelchair and shower chair; and from Bubholtz, Compton, and Links for refusing to treat him after he fell in the shower. He also seeks damages from Defendants Jail Administrator Michael Giese and Deputy Jail Administrator Wollenhaupt for not disciplining the various correctional officers against whom he raises claims.

## THE COURT'S ANALYSIS

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he was (1) deprived of a federal right (2) by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Claims for excessive force fall under the Eighth Amendment's prohibition on cruel and unusual punishment, which bars "unnecessary and wanton infliction of pain," particularly when "totally without penological justification." *Hope v. Pelzer*, 536 U.S. 730, 737 (2001). Specifically, the inquiry in claims involving allegations of excessive force by prison officials against an inmate is whether the prison official inflicted an injury "maliciously and sadistically for the very purpose of causing harm." *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992); *Whitley v. Albers*, 475 U.S. 312 (1986). Thus, the infliction of even a relatively minor or de minimis injury can constitute a violation of the Eighth Amendment's prohibition of "cruel and unusual" punishment if it is done maliciously. *Hudson*, 503 U.S. at 9 ("When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. . . . This is true whether or not significant injury is evident.").

This subjective standard for excessive force claims makes it difficult to rule out Eight Amendment excessive force claims at the screening phase, particularly in light of the liberality with

which the court must construe Plaintiff's complaint. Here, Plaintiff contends that on March 6 Defendants Bischoff, Domurat, Miller, Holzhueter, and Cattani physically forced him into his cell in a manner that caused him to bleed on his hands and wrists and injured his leg to the point that he needs to limp. The court therefore concludes that he may proceed on his excessive force claim against these five defendants.

Plaintiff also asserts a claim against Stefonek for "authorizing" the use of excessive force in returning him to his cell on March 6. To state a claim that a prison official was deliberately indifferent in violation of the Eighth Amendment by failing to protect a prisoner, the prisoner must allege that the defendant "knew of a substantial risk of serious injury to him and failed to protect him from that danger." *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011). Plaintiff alleges that Stefonek observed correctional officers—individuals apparently under his command—forcefully returning Plaintiff to his cell in a manner that caused him injury, yet Stefonek allegedly stood by, smiling and doing nothing. This is sufficient to state a claim against Stefonek for failing to protect him from the harm allegedly caused by the correctional officers.

Next, Plaintiff alleges that Defendants Bubholtz and Diaz failed to accommodate his request for a wheelchair and shower chair on March 10, thereby denying him safe access to the shower facilities. Adequate access to "facilities to wash and use the toilet are among the 'minimal civilized measures of life's necessities' that must be afforded prisoners." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012) (citation omitted) (quoting *Rhodes v. Chapman*, 452 U.S. 337 (1981)). To state a claim that the defendants were deliberately indifferent to his medical needs contrary to the Eighth Amendment, Plaintiff must allege that he (1) suffers from an objectively serious medical condition and (2) prison officials showed deliberate indifference to that condition. *Johnson v.*

5

*Snyder*, 444 F.3d 579, 584 (7th Cir. 2006) (citing *Zentmyer v. Kendall Cty.*, 220 F.3d 805, 810 (7th Cir. 2000)), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965, 968 n.1 (7th Cir. 2013). Plaintiff has alleged that his injuries were sufficiently serious that he was not able to stand up after he fell in the shower and that he needed a wheelchair to return to his cell after falling. Because he alleges that Bubholtz and Diaz were aware of his physical condition that made him susceptible to falling, he may proceed on his deliberate indifference claim against them. Likewise, Plaintiff may proceed on a deliberate indifference claim against Bubholtz, Compton, and Links for allegedly leaving him lying on the floor of the shower for more than an hour even after he made them aware that he could not get up because of the pain.

Finally, Plaintiff asserts a claim against Defendants Giese and Wollenhaupt in their capacities as, respectively, the Jail Administrator and the Deputy Jail Administrator. It is well established that, "[s]ince a section 1983 cause of action is against a 'person,' in order '[t]o recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.'" *Johnson*, 444 F.3d at 583 (second alteration in original) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). "To be personally responsible, an official 'must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye.'" *Id.* at 583–84 (quoting *Gentry*, 65 F.3d at 561). Plaintiff's only claim against Giese and Wollenhaupt, however, is that they did not take disciplinary action against any of the officers who allegedly violated his rights. But that claim does not make any allegation that Giese or Wollenhaupt personally violated Plaintiff's rights in any way. His claims against them will therefore be dismissed.

The court therefore finds that Plaintiff may proceed on his excessive force claim against Defendants Bischoff, Domurat, Miller, Holzhueter, and Cattani; his failure to protect claim against

Stefonek; his deliberate indifference claims against Bubholtz and Diaz for failing to accommodate his requests for a wheelchair or shower chair; and his deliberate indifferent claim against Bubholtz, Compton, and Links for failing to provide him medical care. He may not, however, proceed on his claim against Giese and Wollenhaupt, who will be dismissed from this action.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Giese and Wollenhaupt (who appears as "Wallenhuupt" on the docket) are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $342.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of

7

Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 9th day of July, 2018.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court