UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN HARPER,

        Plaintiff,

v.                                                            Case No. 18-C-753

ERIC STEFONEK, et al.,

        Defendants.

## ORDER DENYING MOTIONS TO COMPEL

*Pro se* plaintiff Kevin Harper filed this 42 U.S.C. § 1983 action on May 16, 2018, for alleged violations of his constitutional rights while he was held in custody at the Waukesha County Jail. The defendants include Lieutenant (LT) Compton, LT Stefonek, Correctional Officer (CO) Bischoff, CO Buboltz, CO Diaz, CO Domurat, CO Miller, CO Holzhueter, CO Cattani (collectively, the County Defendants), and Nurse Deborah Link, who was employed by a company that contracts with the County to provide health care to the jail's inmates. Harper alleges that the County Defendants violated his constitutional rights by utilizing excessive force when trying to place him back into his cell and that one or more of the County Defendants and Nurse Link were deliberately indifferent to his serious medical needs when they did not assist him after he slipped and fell in the shower. This matter is currently before the court to address Harper's two motions to compel discovery, ECF Nos. 79, 99, and his "Motion to Support the Complaint With Supporting Affadavits [sic]," ECF No. 102. For the reasons that follow, all three motions will be denied.

## A. Motions to Compel

On January 2, 2019, the court held a telephone hearing to address various motions submitted by the parties. It was clear to the court that there was some confusion by the parties as to whom Harper directed certain discovery requests. Harper clarified his intent, and to allow the defendants time to answer Harper's interrogatories, the court extended the discovery deadline until February 1, 2019, for that limited purpose. *See* ECF No. 78.

### 1. Nurse Link

Harper requests that Nurse Link be compelled to produce Harper's entire medical file, supplement her interrogatory answers, respond to his requests for admission, and produce certain documents.

Regarding his medical file, a defendant is not obligated to subsidize the costs of litigation for prisoners. *See Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) ("[A] prisoner has no constitutional entitlement to subsidy to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important to fund."). Harper has the ability to execute the appropriate authorizations and request his medical records directly from the custodian of those records, which is not Nurse Link. Additionally, it is unclear why his entire medical record is relevant to this case, as the case is about two discrete events that occurred on March 6 and 10 of 2018. Only medical records that relate to Harper's treatment for any alleged injuries sustained as a result of those incidents would be relevant. Harper has already received the portions of his medical record relied on by the defendants in the documents supporting their motions for summary judgment. If he feels that he needs more portions of his medical records, than Harper can request them at his own expense from the appropriate source.

Turning to the interrogatories, although Nurse Link provided answers to the interrogatories ordered at the January 2 motion hearing, Harper claims that she failed to fully answer a number of them. Harper, however, does not specify how the answers are deficient and a review of Nurse Link's interrogatory responses shows that she provided substantive answers to all but one, which was overly broad. At this point, Nurse Link has answered 50 interrogatories and the court sees no reason why further supplementation is required when she has provided appropriate answers.

Regarding Harper's requests for admission, Nurse Link did not receive the requests, which were dated January 10, 2018, until January 17, 2018. Discovery was originally to be completed by December 10, 2018, and the court extended the discovery deadline until February 1, 2019, solely for the limited purpose of allowing time for the defendants to provide answers to interrogatories as ordered at the January 2 motion hearing. Even if the extension applied to all discovery, Harper's requests were untimely, as "[a]ll requests for discovery shall be served by a date sufficiently early so that all discovery is completed" by the cut-off date, ECF No. 41. at 1, and Harper did not serve the requests 30 days before the discovery deadline, rendering them untimely. *See* Fed. R. Civ. P. 36(a)(3).

Finally, turning to Harper's requests to produce documents, Harper has failed to state why Nurse Link's objections to the production of certain documents are unsubstantiated. The majority of the requested documents relate to jail records, complaints, and reports—documents for which Nurse Link is not the custodian. To the extent they are relevant and discoverable, Harper should have directed his request to the County Defendants. Regarding Harper's request for his entire medical record, as stated earlier Nurse Link is not obligated to produce it. Harper has already received a substantial amount of documents in response to his requests, totaling over 900 pages, as

well as copies of any documents relied on by the defendants in their motions for summary judgment. Any other documents can be obtained by Harper at his expense by requesting them from the appropriate records custodian.

### 2. The County Defendants

Harper requests that the County Defendants be compelled to answer his interrogatories, provide him with a copy of his entire medical record, provide all observation and inmate medical logs, and produce requested documents.

The County Defendants, aside from CO Miller and CO Diaz, answered his interrogatories that were sent around December 17, 2018 on January 29, 2019, Doyle Decl., ECF No. 120 at ¶ 2, which is before the February 1 deadline set by the court. CO Miller and CO Diaz did not provide responses to these interrogatories because they did not receive any interrogatories specifically directed at them. *Id*. at ¶ 3. Regarding Harper's contention that CO Cattani and CO Bischoff did not fully answer certain interrogatories, a review of their responses show that they provided substantive responses and Harper has failed to specifically identify any shortcomings with their responses.

Regarding the production of requested documents, for the same reason Nurse Link was not required to produce his entire medical record or provide him with copies when those documents are equally available to be obtained by him, the County Defendants need not provide him with copies of documents that are likewise equally obtainable by him. Additionally, it is unclear why the entirety of Harper's observation and inmate medical logs are relevant to this case when the case is about two discrete incidents that occurred in March of 2018 and the County Defendants have already provided him with copies of those logs for March. Regarding the County Defendants'

4

failure to provide current addresses for other inmates that may have witnessed the alleged events, it is not a defendant's duty to conduct the plaintiff's discovery nor is it clear that the County Defendants would have that information if those witnesses have been released from the jail's custody. Finally, Harper has failed to specifically identify why the documents that were provided in response to his requests for production are deficient.

**B.     Motion to Support the Complaint With Supporting Affidavits**

Harper wishes to "support the complaint by buttressing it with" declarations of eye witnesses to the alleged events. ECF No. 102 at 1. Harper's complaint does not require additional factual support, as a complaint merely requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Federal Rule of Civil Procedure 8(a)(2), and the court previously screened Harper's complaint and found that it sufficiently stated a claim. ECF No. 17. Instead, if Harper wishes the court to consider the affidavits, he should file the affidavits along with his responses to the defendants' motions for summary judgment. *See* Civil L.R. 56(b)(2)(C) (E.D. Wis.) (A party opposing a motion for summary judgment can file "any opposing affidavits, declarations, and other materials" along with his memorandum of law and response to the moving party's statement of facts.).

## CONCLUSION

For the foregoing reasons, Harper's motions to compel (ECF Nos. 79, 99) and his motion to support the complaint with supporting affidavits (ECF No. 102) are **DENIED**.

**SO ORDERED** this  7th  day of February, 2019.

                                          s/ William C. Griesbach
                                          William C. Griesbach, Chief Judge
                                          United States District Court