UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN OMAR HARPER,

      Plaintiff,

v.                                  Case No. 18-C-753

ERIC STEFONEK, et al.,

      Defendants.

## ORDER

On June 10, 2019, the Court entered an order in this matter, granting summary judgment in favor of Defendants and dismissing the case. Dkt. No. 145. On June 25, 2019, Plaintiff Kevin Omar Harper filed a notice of appeal. The Court of Appeals informed Plaintiff on June 26, 2019 that he was required to pay the $500.00 docketing fee plus the $5.00 notice of appeal fee to the Clerk of this Court or, in the alternative, file a motion to proceed on appeal *in forma pauperis*. Dkt. No. 151. Plaintiff did neither, and on August 8, 2019, the Court of Appeals dismissed Plaintiff's appeal for failure to pay the required docketing fee and ordered him to pay the appellate fee of $505.00 to the Clerk of this Court. Dkt. No. 153. The fee was collected pursuant to the mechanism established by 28 U.S.C. § 1915(b)(2), and on October 19, 2021, the filing fee was paid in full. Dkt. No. 155. Plaintiff has now filed a motion seeking return of the appellate court filing fee because "he did not pursue an appeal." Dkt. No. 156. For the following reasons, Plaintiff's motion will be denied.

As an initial matter, "it is not clear that this [C]ourt has jurisdiction to do as plaintiff asks." *Pride v. City of Eagle River, Wis.*, No. 13-cv-308-bbc, 2015 WL 2372312, * 1 (W.D. Wis. May

18, 2015). This is because, although the district court administers the collection of appellate docketing fees, the fees are "collected for the purpose of appeal" under Federal Rule of Appellate Procedure 3 and 28 U.S.C. § 1913. *Id.* "Moreover, once the notice of appeal is filed, the court of appeals retains jurisdiction over all matters related to the appeal." *Id.* (citing *United States v. Ali*, 619 F.3d 713, 722 (7th Cir. 2010)). It appears, therefore, that this Court lacks jurisdiction to grant Plaintiff the relief he seeks.

Even if the Court did have jurisdiction, however, Plaintiff's motion would still be denied. The fees collected from Plaintiff were for the *docketing* of his appeal, something that occurred long ago. Plaintiff's choice to not pursue his appeal further does not entitle him to the return of the docketing fee because "the administrative costs associated with docketing have accrued already." *Id.* (citing *Thurman v. Gramley*, 97 F.3d 185, 187 (7th Cir. 1996), *overruled on other grounds*, *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) ("A solvent litigant must pay the filing and docketing fees for the privilege of initiating an appeal.")). Plaintiff, as ordered by the Court of Appeals, was required to pay the docketing fee and notice of appeal fee for the privilege of initiating his appeal; his decision not to pursue that appeal further does not entitle him to a refund of the fees.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for the return of the appellate court filing fee (Dkt. No. 156) is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 27th day of January, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge